IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:16-BK-03305-RSM-13 |
| ) | |
| BRITTANY YVONNE TYUS, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER-13 PLAN**

**Hearing Date: July 13, 2016**
**Hearing to be Held at 8:30 a.m. in the Customs House, Courtroom 1**

Comes now InSolve Auto Funding, LLC, assignee of Inland Bank and Trust (hereinafter "InSolve"), through counsel, and offers the following Objection to the Confirmation of the Debtor's Chapter-13 Plan.

**Statement of Facts**

On June 13, 2014, the Debtor filed her initial petition, case number 3:14-bk-04728. In her prior case, the Debtor stated that she was employed with DCS and earned approximately $2,661.00 per month, along with $200 per month in child support. In her current case, she states her take home income is $1,188.54, plus food stamps of $274 and $400 in child support.

Compared to her prior case to expenses listed in this current case, the Debtor's monthly expenses include the following:

|                | Prior Case | Current Case |
|----------------|------------|--------------|
| Rent           | $680       | $344         |
| Utilities      | $150       | $100         |
| Cable, etc.    | $190       | $160         |
| Food           | $600       | $360         |
| Child care     | $0         | $15          |
| Personal Care  | $150       | $25          |
| Clothing       | $70        | $50          |
| Transportation | $281       | $80          |

No liability insurance is listed, though comprehensive insurance covering the auto is now to be paid through the plan.

In her prior case, the Debtor's Chapter-13 plan was confirmed, the plan called for semi-monthly payments in the amount of $121.00 to the chapter 13 trustee with a 20-percent dividend to the general unsecured who were owed a combined amount of $25,692.62.

In the instant case, the Debtor's Plan calls for monthly payments in the amount of $278.00 from a payroll deduction order to the Trustee with a 20-percent dividend to the general unsecured class of creditors, the general unsecured creditors being owed a combined amount of $32,588.38.

In her prior case, on October 22, 2014, after the Debtor's Chapter-13 plan was confirmed, the Debtor and the Trustee entered an Agreed Order modifying the allowing the Debtor to incur post-confirmation debt and purchase a 2012 Ford Focus, the amount financed was $11,940.00 at a rate of 22-percent, to be paid by the Trustee with an ongoing monthly payment of $300.05. The Debtor provided no down payment, and Inland Bank financed the vehicle price, taxes, and fees. The Debtor's semi-monthly payments to the Trustee were increased to $344.00 semi-monthly.

In her prior case, on October 15, 2015, the Debtor filed a Motion to Dismiss her bankruptcy case. That motion was granted. During the seven months from the dismissal of the first bankruptcy case through the filing of the instant case, the Debtor remitted only three payments to InSolve: one in December 2015 for $120.00; one in February 2016 for $130.00; and, another in February 2016 for $300.00.

**The Proposed Plan is Not Feasible**

The Debtor cannot afford to pay her proposed plan. The Debtor's testimony is that she spent her 2015 tax refund of $5,600.00 in four months' time during the same time that she began receiving court-ordered child support and failed to pay her creditors, including InSolve which holds the title to the vehicle and through whom the Debtor financed the vehicle purchase.

For a plan to be feasible under Section 1325(a)(6), the debtor must be able to "make all payments under the plan and to comply with the plan." 11 U.S.C. §1325(a)(6).

In this case, the Debtor has not proposed a feasible Chapter 13 plan. Based on the Debtor's slim margin between her reduced income and her expenses, there is not a reasonable possibility of success. The Debtor's financial condition is now more precarious than that that existed in her prior case, as her income, without the child support, is almost half of what her income was during her prior case. The Debtor's unsecured debts have also increased over $7,000 since the 2014 case, and proposing to "cram down" the secured obligations further demonstrates the fragility of the Debtor's financial situation.

**The Debtor has failed to dedicate all of her projected disposable income**

Tax refunds received after the filing of the Debtors' petition are disposable income that must be dedicated to the plan. The Debtor fails to dedicate to the plan base her tax refunds that will be received during the term of the plan. The record indicates that the Debtor is not offering to pay into the plan all she is able to pay.

Section 1325(b)(1)(B) of the Code provides that if the trustee or an unsecured creditor objects to confirmation of a debtor's plan, the plan cannot be confirmed unless it provides that all of the debtor's "projected disposable income" will be used to make payments to unsecured creditors. 11 U.S.C. § 1325(b)(1)(B); *In re Freeman*, 86 F.3d 478, 481–82 (6th Cir. 1996).

The proposed plan does not dedicate all of the Debtor's projected disposable income to the plan. The Debtor has received, and expects to receive in the future, tax refunds that should be included as income to be paid to the Trustee for use in plan payments.

The Debtor's income shows that she expects to receive $18,000.00 in earned income and $4,800.00 in child-support payments. Thus, her tax refund, based upon her being head of household with two children, will continue to be approximately $5,000.00 annually. The Debtor does not propose to dedicate any of those anticipated tax refunds to pay her creditors through plan payments over the life of the plan.

**The Debtor's Plan is Not Proposed in Good Faith**

The Debtor's plan fails to meet the "good faith" requirements for confirmation under Sections 1325(a)(3) and (a)(7): the plan must be proposed in good faith under

Section 1325(a)(3) and the chapter 13 petition must be filed in good faith under Section 1325(a)(7). 11 U.S.C. § 1325(a)(3) and (a)(7).

The Debtor has testified that she has been receiving child-support payments of $400.00 monthly since the beginning of 2016, yet, she has failed to offer any portion of her 2015 tax refund into the plan. Her schedules show that she had $1,000.00 in tax refund available when she filed the bankruptcy petition, but she has not offered that those funds be used to fund the proposed plan.

The Debtor testified that she voluntarily dismissed her prior Chapter-13 case because she could not afford the cost of filing to a Chapter-7 case. The Debtor further testified that she received her $5,600.00 tax refund for the 2015 tax year before she filed this Chapter-13 case. Rather than pay for a new Chapter-7 case, she used the refund for gifts for her children and herself. Additionally, she testified that she is saving money yet her schedules do not show any savings.

It is clear that the only reason she has for choosing to file a petition under Chapter 13 instead of a Chapter-7 petition is due to the Debtor's inability to pay the attorneys' fee for a Chapter-7 case prior to the current filing. The Debtor could have proceeded pro se in a Chapter 7 or sought cheaper legal services elsewhere. The lack funds to pay for a Chapter-7 filing is not a sufficient reason to seek Chapter-13 relief in this case.

The Debtor's fragile financial condition in the current case causes her to be an extremely high risk which should be reflected in the interest rate that will be applied to what she owes to InSolve for the Vehicle. There should be an increased premium in this instance in the form of the contract rate of interest given that the Debtor has not been able

5
Case 3:16-bk-03305    Doc 27    Filed 06/21/16    Entered 06/21/16 08:25:02    Desc Main
Document      Page 5 of 6

to make payments on her own. Further, her income and expenses demonstrate that she will not be able to complete the plan as proposed should any unforeseen expenses arise.

Accordingly, InSolve requests that the Court deny confirmation of the Debtor's proposed plan and for such other and further relief as is just.

DATED: June 21, 2016

Respectfully Submitted,

*/s/Edward D. Russell*
Edward D. Russell, No. 26126
The SR Law Group
PO Box 128
Mt. Juliet, TN 37121
(615) 559-3190
erussell@thesrlawgroup.com
*Attorneys for InSolve Auto Funding, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2016, a true and correct copy of the foregoing was served by regular mail upon Brittany Yvonne Tyus, 3225 Creekwood Drive, Apt 1105, Nashville, TN 37207; Mary Beth Ausbrooks, Attorney for Debtor, 1222 16th Avenue South, Suite 12, Nashville, TN 37212 (via electronic notice); Office of the Chapter 13 Trustee, PO Box 340019, Nashville, TN 37203-0019 (via electronic notice), and electronically to those identified on the CM/ECF system for this case.

By: */s/Edward D. Russell*
    Edward D. Russell